

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-30-2008

# USA v. Kohlmiller

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4056

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Kohlmiller" (2008). *2008 Decisions.* Paper 31.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/31

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4056

UNITED STATES OF AMERICA

v.

MICHAEL KOHLMILLER,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 06-cr-00051-1E)
District Judge: Honorable Maurice B Cohill, Jr.

Submitted under Third Circuit LAR 34.1(a)
on December 11, 2008

Before: McKEE, SMITH and ROTH, Circuit Judge

(Opinion filed: December 30, 2008)

O P I N I O N

**ROTH,** Circuit Judge:

Michael Kohlmiller appeals the sentence imposed by the United States District Court for the Western District of Pennsylvania. For the reasons discussed below, we will affirm.

**I. Background and Procedural History**

Because the facts are well known to the parties, we will discuss them only briefly here.

On September 12, 2006, a grand jury in the Western District of Pennsylvania returned a fifty-seven-count indictment charging Michael Kohlmiller with forty-five counts of bank fraud in violation of 18 U.S.C. § 1344, eleven counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028(A). On March 28, 2007, pursuant to the parties' plea agreement, Kohlmiller pleaded guilty to Count One and Count Fifty-Seven; he acknowledged responsibility for the conduct charged in the intervening counts. On October 9, 2007, the District Court sentenced Kohlmiller to seventy-five months' imprisonment. The District Court also imposed five-years' supervised release and ordered Kohlmiller to pay restitution.

In the parties' plea agreement, Kohlmiller agreed to waive his right to "take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742" subject to three exceptions. Those three exceptions are as follows: (1) the

2

government appealed his sentence, (2) the sentence exceeded the statutory limits set forth in the United States Code, or (3) the sentence unreasonably exceeded the Guidelines range as determined by the District Court.  Kohlmiller argues that the waiver agreement does not bar this Court from addressing his argument that the District Court applied improper enhancements during sentencing.

## II.  Analysis

The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.

"Where, as here, the government invokes an appellate-waiver provision contained in a defendant's plea agreement, we must determine as a threshold matter whether the appellate waiver prevents us from exercising our jurisdiction to review the merits of the defendant's appeal."  *United States v. Corso*, --- F.3d --- (3d Cir. December 15, 2008). We will not exercise our jurisdiction if we conclude that the defendant knowingly and voluntarily waived his right to appeal unless the result would "work a miscarriage of justice."  *See United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008); *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).

Kohlmiller first argues that he did not knowingly and voluntarily enter into the waiver agreement because neither the government nor the District Court read the entire waiver paragraph during the guilty-plea colloquy.  To evaluate whether Kohlmiller knowingly and voluntarily signed the waiver, we first look to the language of the

3

agreement. *Gwinnett*, 483 F.3d at 203–04; *see Goodson*, 544 F.3d at 535. The language of the plea agreement conveys a clear intent to bind Kohlmiller because it states that "Michael Kohlmiller waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742." We next look to the colloquy between the District Court and Kohlmiller to determine whether the District Court placed Kohlmiller under oath and determined that he understood the terms of the waiver. *See Gwinnett*, 483 F.3d at 204. The District Court satisfied this requirement because it asked Kohlmiller whether he read the plea agreement, discussed it with his attorney, and understood it. The District Court, furthermore, specifically asked Kohlmiller whether he understood that the plea agreement "significantly circumscribed" his "appellate rights." Kohlmiller responded, "Yes, sir," and asked no questions. Kohlmiller thus knowingly and voluntarily entered into the waiver agreement.

Kohlmiller also argues that this appeal falls within the third exception to the waiver agreement. Under the third exception, Kohlmiller retained the right to appeal to the extent that his "sentence unreasonably exceeds the guidelines range determined by the Court." Kohlmiller's challenge fails because he does not argue that his sentence "exceeded" the range determined by the District Court. Indeed, he concedes that the sentence fell within the range. He, instead, attacks the District Court's imposition of enhancements, which resulted from the calculation of the Guidelines. *See United States v. Shedrick*, 493 F.3d 292, 298 n.5 (3d Cir. 2007). As we noted in *Shedrick*, Kohlmiller

4

waived his right to appeal an enhancement under the waiver agreement; he retained the right to appeal only if the District Court upwardly departed from the Guidelines. *Id.*

Finally, Kohlmiller argues that this Court should hear this appeal because the enforcement of the waiver would work a miscarriage of justice because it was the product of ineffective assistance of counsel. Kohlmiller argues that counsel was ineffective because counsel should have advised him that the plea agreement was not supported by consideration. Plea agreements are construed according to general contract-law principles. *See Corso*, --- F.3d at ---; *United States v. Schwartz*, 511 F.3d 403, 405 (3d Cir. 2008). It is axiomatic that contracts must be supported by consideration. *See, e.g.*, *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002) (internal citations omitted). We apply a fact-specific approach to determine whether a miscarriage of justice will result from enforcement of a waiver of appellate rights. *United States v. Khattak*, 273 F.3d 557, 564 (3d Cir. 2001). We consider, *inter alia*, the clarity of the error, its gravity, and its character. *Id.* Kohlmiller fails here because he does not identify any error by counsel because consideration did, in fact, support the plea agreement—that is, Kohlmiller obtained dismissal of fifty-five counts because the government moved to dismiss them and the government, in return, obtained two guilty pleas.

## III. **Conclusion**

For the reasons set forth above, we will affirm the judgment of sentence of the District Court.