

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2009

# USA v. Sanchez

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4614

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Sanchez" (2009). *2009 Decisions.* Paper 2040.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2040

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4614
_____

UNITED STATES OF AMERICA

v.

DAVID SANCHEZ, a/k/a Alex
a/k/a Alexandro Feliz Trevino

David Sanchez, Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 04-cr-00114)
District Judge: The Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2008

BEFORE: McKEE, NYGAARD, and SILER,* Circuit Judges.

(Filed: January 14, 2009)

_____

_____

*Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States Court
of Appeals for the Sixth Circuit, sitting by designation.

OPINION OF THE COURT

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant, David Sanchez, pleaded guilty to criminal conspiracy to distribute and possess with the intent to distribute, 100 kilograms or more of marijuana. He was sentenced to 121 months of incarceration. The issue he has raised before us is whether the District Court erred when it added a two-level enhancement to his sentencing calculation because two firearms were found in the Appellant's residence. The District Court had jurisdiction over Sanchez' case pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We have subject matter jurisdiction over Sanchez' appeal, even though he agreed to an appellate waiver in his plea agreement. *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). However, we may refuse to exercise that jurisdiction upon a finding that the appellate waiver is valid. *Id.* We make a *de novo* determination as to the validity of Sanchez' appellate waiver. *United States v. Jackson*, 523 F.3d 234, 237 (3d Cir. 2008).

We will dismiss the appeal because the record conclusively demonstrates that Appellant knowingly and voluntarily waived his right to appeal his sentence. We enforce an appeal waiver if such a waiver is entered knowingly and voluntarily, unless enforcement of the waiver would work a miscarriage of justice. The District Court complied with Fed. R. Crim. P. 11(b)(1)(N), which required it to "inform the defendant

of, and determine that the defendant understands [. . .] the terms of any provision in a plea agreement waiving the right to appeal." As the District Court complied with the Rules of Criminal Procedure, and the Appellant has alleged no miscarriage of justice, we will dismiss the appeal.