

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# USA v. Howard

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4836

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Howard" (2009). *2009 Decisions.* Paper 1689.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1689

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4836
_____

UNITED STATES OF AMERICA,

v.

ROBERT RAYMOND HOWARD, SR.,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00138-1)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2009

Before: SCIRICA, *Chief Judge*, SLOVITER and HARDIMAN, *Circuit Judges*.

(Filed: March 26, 2009)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Robert Howard appeals his judgment of sentence following his guilty plea. Because Howard waived his appellate rights, we will dismiss his appeal.

Howard, a convicted felon, pleaded guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Under the terms of his plea agreement, Howard waived the right to appeal his sentence. He now challenges the reasonableness of his sentence, arguing that his appellate waiver was not made knowingly and voluntarily.

"If done knowingly and voluntarily, a statutorily created right to appeal is generally held to be waiveable." *United States v. Khattak*, 273 F.3d 557, 561 (3d Cir. 2001). Federal Rule of Criminal Procedure 11(b)(1)(N) requires a court to "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence" before accepting a plea.

We have held that "the role of the sentencing judge is critical . . . [i]n determining whether a waiver of appeal is 'knowing and voluntary.'" *Khattak*, 273 F.3d at 563. In *United States v. Gwinnett*, 483 F.3d 200, 204-05 (3d Cir. 2007), we found that the defendant's appellate waiver was knowing and voluntary where the sentencing judge: (1) "referred to the waiver in the context of a discussion concerning the effect that *United States v. Booker* might have on [the defendant's] right to appeal her sentence," and (2) "referred to the 'conditional waiver of appeal' on several occasions during the sentencing hearing."

2

Howard's counsel argues that his client's appellate waiver was not knowing and voluntary because the "District Court made no . . . inquiry regarding defendant's understanding of the [waiver's] significance." Appellant's Br. 6. This is false. The record clearly shows that the District Court engaged Howard in a lengthy plea colloquy, specifically informing Howard of his appellate rights and the consequences of waiver:

COURT: Mr. Howard, ordinarily you would have the right to bring later proceedings such as a collateral attack with a habeas corpus motion to vacate, set aside, or correct your sentence. Do you understand that this plea agreement severely limits your right to appeal and prevents you from using later proceedings like a collateral attack and a habeas corpus petition to challenge your conviction, sentence, or any other matter? Do you understand that?

HOWARD: Yes, I do.

COURT: I direct your attention specifically to paragraph 20 on pages 11 and 12 of the written plea agreement. Would you take a look at that for me please?

COUNSEL: You're waiving your right to complain that I'm a lousy lawyer. So if I screw up, if I make a mistake, if I . . .

HOWARD: Can't go back.

COUNSEL: You can't go back.

COURT: All right. Specifically paragraph 20 states that the defendant is aware that Title 18, Section 3742 of the United States Code affords the defendant the right to appeal the conviction and sentence imposed. However, acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentencing, including a sentence imposed within the statutory maximum, on any and all grounds set forth in that section or on any other grounds, constitutional or nonconstitutional, including the manner in which

3

the sentence was determined in light of recent Supreme Court decisions.

This paragraph also states that the defendant waives his right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including, but not limited to, a motion brought under Title 28, Section 2255, of the United State Code, and finally this paragraph indicates that the defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

So it's a one-sided deal, and this appeal waiver is applicable only to the defendant. Now, understanding all that, and you've reviewed this with your attorney, is that correct?

HOWARD: Yes, sir.

COURT: Is it still your desire to plead guilty?

HOWARD: Yes.

App. 99-101.

Counsel's representation notwithstanding, the thorough plea colloquy leaves no doubt that Howard knowingly and voluntarily waived his right to appeal. Howard does not argue (nor could he) that the terms of the waiver allow him to appeal the reasonableness of his sentence, or that enforcement of the waiver would result in a miscarriage of justice. *See Khattak*, 273 F.2d at 563. He merely argues that the District Court failed to perform a necessary step that the record plainly shows was performed.

4

Because it was made knowingly and voluntarily, Howard is bound by the waiver of his appellate rights and we need not address the reasonableness of his sentence. We will therefore dismiss this appeal.