UNITED STATES of America

v.

Eric PAIGE, Appellant.

No. 08–2014.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 6, 2009.

Filed: Aug. 14, 2009.

Norman Gross, Esq., Office of United States Attorney, Camden, NJ, George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Brian S. O'Malley, Esq., Haddon Heights, NJ, for Appellant.

Before: SLOVITER and HARDIMAN, Circuit Judges, and POLLAK,* District Judge.

OPINION

Eric Paige pled guilty to one count of use of a communication facility to further a drug trafficking crime in violation of 21 U.S.C. § 843(b). He was sentenced to 48 months of incarceration, to be served consecutively to his term of incarceration from two state convictions. On appeal, Paige argues that the District Court acted unreasonably by ordering his federal sentence to be served consecutively, rather than con-

---

* Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

currently, to his state sentence. Because Paige voluntarily entered a plea agreement that waived his right to appeal this aspect of his sentence, we will dismiss the appeal.[1]

## I.

Because we write primarily for the parties, who are familiar with the facts and procedural history of the case, we will summarize the facts and history only briefly. On March 25, 2004, Paige arranged to sell 27 grams of crack cocaine to a confidential source. A federal criminal complaint was issued against Paige on June 19, 2006, and he was arrested on September 11, 2006. At the time of his arrest, Paige was serving a state sentence of incarceration for offenses committed on May 19, 2005, and October 7, 2005.

Paige pled guilty on December 19, 2007. Paige signed a plea agreement that included a broad waiver of his appellate rights. It provided:

> Eric Paige ... voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal ... which challenges the sentence imposed by the sentencing court if that sentence does not exceed the statutory maximum of 48 months.... The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.

Elsewhere, the plea agreement preserved Paige's right to argue that his sentence should run concurrently to the state sentence he was serving: "Eric Paige reserves his right to argue that his sentence should run concurrently to the sentence he

is currently serving in state court. The government reserves its right to take any position on the issue." However, the plea agreement nowhere spoke explicitly of Paige's right to appeal his sentence on the ground that it was consecutive rather than concurrent.

During the Rule 11 hearing at which he entered his guilty plea, Paige acknowledged that he understood the plea agreement, including the waiver provision. In response to questions from the District Court, Paige stated that he understood that he could not appeal his sentence and that any such appeal would be dismissed so long as the District Court had not improperly calculated Paige's criminal history category or sentenced him to more than 48 months of incarceration. Paige also acknowledged that although he was asking that his federal sentence run concurrently to his state sentence, the government might ask that it run consecutively and the District Court might so order.

The District Court accepted Paige's guilty plea and sentenced Paige to, *inter alia,* 48 months of incarceration to run consecutively to his state term.

## II.

"Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice[,]" and such waivers should be "strictly construed." *United States v. Khattak,* 273 F.3d 557, 563 (3d Cir.2001). It is clearly established law that "by waiving the right to appeal, a defendant necessarily waives the opportunity to challenge the sentence imposed, regardless of the merits." *Id.* at 561. Thus, we will not exercise our juris-

---

1. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). Although we find that the appellant waived his right to appeal in this case, "this court retains subject matter jurisdiction over the appeal by a defen-

dant who had signed an appellate waiver." *United States v. Gwinnett,* 483 F.3d 200, 203 (3d Cir.2007). We choose, however, not to exercise that jurisdiction.

diction to review the merits of Paige's appeal "if we conclude that [ ]he knowingly and voluntarily waived [his] right to appeal unless the result would work a miscarriage of justice." *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir.2007).

Paige concedes that the plea agreement was entered into voluntarily and knowingly but argues that he never intended to waive his right to appeal the issue of whether the sentence was to be served consecutively or concurrently (and that there was never a "meeting of the minds" to that effect).

Unfortunately for Paige, his appeal falls squarely within the broad language of the waiver provision. The plea agreement states that "any appeal" to the imposed sentence is waived provided that the District Court has correctly calculated Paige's criminal history category under the Sentencing Guidelines and that the sentence does not exceed 48 months. Moreover, the fact that the plea agreement specifically reserves Paige the right to argue that his federal sentence should run concurrently to his state term suggests that the absence of a provision reserving him the right to appeal that issue should be strictly construed. Notably, the District Court specif-

ically reviewed the waiver provision with Paige during the Rule 11 hearing at which Paige entered his guilty plea, and the court reminded Paige that it might impose a consecutive sentence.

Accordingly, because Paige knowingly and voluntarily waived his right to appeal the issue of whether his federal sentence was to be served consecutively or concurrently to his state sentence, and because there is no evidence that a miscarriage of justice would result from barring his appeal, we decline to exercise jurisdiction over Paige's appeal.

### III.

For the foregoing reasons, we will dismiss the appeal.[2]

---

**2.** The use of "dismissed" rather than "affirmed" as the ordering word is advertent. The reason for the advertence is that in recent cases in which this court has determined that an appellate waiver was valid, our ordering practice has lacked consistency. In *United States v. Gwinnett*, 483 F.3d 200, 206 (3d Cir.2007), we "affirm[ed]" the district court, but only after clarifying that we "will not exercise that jurisdiction to review the merits of [an] appeal if we conclude that [the appellant] knowingly and voluntarily waived her right to appeal unless the result would work a miscarriage of justice." *Id.* at 203. Since *Gwinnett*, this court has frequently "affirmed" the district court in the presence of a valid appellate waiver. *See, e.g., United States v. Corso*, 549 F.3d 921, 932 (3d Cir.2008); *United States v. Kohlmiller*, 304 Fed.Appx. 956 (3d Cir.2008). In several non-precedential opinions including *United States v. Sanchez*, 306

Fed.Appx. 797, 798 (3d Cir.2009), and *United States v. Howard*, 319 Fed.Appx. 165, 167 (3d Cir.2009), however, we "dismissed" the appeal, and in *United States v. Jackson*, 523 F.3d 234, 244 (3d Cir.2008), we used both ordering words, "dismiss[ing] this appeal and thereby affirm[ing] the District Court's judgment in all respects."

We think "dismissed" is the proper word, because a ruling by an appellate court that a waiver of appeal is valid signifies that the appellate court has no authority—*i.e.*, has no *jurisdiction*—to proceed to the merits. In such a scenario, the appellate court has exercised a contingent and limited threshold jurisdiction to determine whether that court has jurisdiction to address the merits. On determining that a waiver is valid, and hence that the appellate court is without authority to address the merits, the appellate court should, we think, "dismiss" the appeal.