

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2008

# USA v. Schwartz

Precedential or Non-Precedential: Precedential

Docket No. 05-4978

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Schwartz" (2008). *2008 Decisions.* Paper 1653.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1653

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4978
_____

UNITED STATES OF AMERICA

v.

JOSEPH SCHWARTZ,

*Appellant*

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-0091)
District Judge: Honorable James T. Giles

_____

Argued October 25, 2007
Before: SLOVITER, CHAGARES and
HARDIMAN, *Circuit Judges*.

(Filed: January 10, 2008)

Robert A. Zauzmer  (Argued)
Karen L. Grigsby
Thomas P. Hogan, Jr.
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
        *Attorneys for Appellee*

Jeffrey M. Lindy (Argued)
Lindy & Associates
1800 John F. Kennedy Boulevard
Suite 1500
Philadelphia, PA 19103
        *Attorneys for Appellant*

_____

OPINION OF THE COURT

_____

HARDIMAN, *Circuit Judge*.

Defendant Joseph Schwartz appeals from a judgment of sentence imposed after he entered into a written plea agreement (Agreement).  The gravamen of Schwartz's appeal is that the government breached the Agreement and acted in bad faith

2

when it withdrew its previously-filed motion for downward departure pursuant to § 5K1.1 of the United States Sentencing Guidelines.

## I.

After Schwartz was arrested in September 2004 for distributing crystal methamphetamine, he agreed to cooperate with law enforcement and did so for nine months. On February 15, 2005, the government filed a one-count information charging Schwartz with conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Schwartz later pleaded guilty to the charge pursuant to the Agreement in which the government agreed to file a downward departure motion at sentencing in exchange for Schwartz's cooperation as outlined therein.

Before he was sentenced, Schwartz violated his bail conditions by failing to report as directed by Pretrial Services and by testing positive for illicit drugs. Accordingly, bail revocation hearings were held on January 20, 2005, and April 8, 2005. Because of Schwartz's ongoing cooperation, however, the government opposed Pretrial Services' requests to revoke Schwartz's bail. Although the magistrate judge decided not to revoke bail, he warned Schwartz of the ramifications of any further violations and modified the conditions of his release.

Despite two admonitions from the District Court, Schwartz's violations continued. On July 27, 2005, Pretrial Services submitted a memorandum outlining Schwartz's latest violations and requesting a third bail revocation hearing.

3

Pretrial Services noted that Schwartz had again tested positive for methamphetamine on July 8, 2005, and had failed to report as directed twice thereafter.

On August 11, 2005, one week prior to sentencing, the government filed a downward departure motion pursuant to Guidelines § 5K1.1 and 18 U.S.C. § 3553(e). That same day, in response to Pretrial Services' prior request, the District Court issued a bench warrant for Schwartz's arrest. The next day, DEA agents arrested Schwartz at his residence, and seized a pill bottle containing approximately $4500 worth of methamphetamine, numerous clear plastic bags, and a triple beam scale. Four days later, the government filed a supplemental sentencing memorandum and moved to withdraw its motion for downward departure.

In light of all that transpired, the District Court revoked Schwartz's bail on August 18, 2005 and continued the sentencing hearing until November 1, 2005. At the sentencing hearing, the District Court granted the government's motion to withdraw its departure motion and sentenced Schwartz to the statutory mandatory minimum term of 240 months imprisonment, eight years of supervised release, a $500 fine, and a $100 special assessment. Schwartz filed a timely appeal and the government moved to dismiss in reliance upon his appellate waiver in the Agreement.

II.

Schwartz claims that he is not bound by his appellate waiver because the government breached the Agreement when

4

it moved to withdraw its downward departure motion. Schwartz argues that the government had no right to do so because Paragraph 4(k) of the Agreement states the government's options upon discovery of additional criminal activity, and withdrawal of the downward departure motion is not among them.[1]

A defendant's appellate waiver is not enforceable if the government breaches its own obligations under a plea agreement. *See United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir. 1989). Whether the government breached the Agreement is a question of law subject to plenary review. *United States v. Rivera*, 357 F.3d 290, 293-94 (3d Cir. 2004). We are mindful of the government's "tremendous bargaining power" and "strictly construe the text [of the Agreement] against [the government]." *United States v. Baird*, 218 F.3d 221, 229 (3d Cir. 2000). We have also recognized the "widely agreed-upon notion that plea agreements must be construed according to the general principles of contract law." *McKeever v. Warden SCI-Graterford*, 486 F.3d 81, 95-96 (3d Cir. 2007) (*citing United States v. Gebbie,* 294 F.3d 540, 551 (3d Cir.

---

[1] Paragraph 4(k) states that in the event of new criminal activity Schwartz is subject to: (1) prosecution for the new offenses; (2) reinstatement of any charges which may have been dismissed in consideration of the plea; (3) refusal to file a downward departure motion; (4) relief from any obligation contained in the Agreement to recommend a particular sentence; and (5) relief from any obligation contained in the Agreement to enter into any stipulations regarding the Sentencing Guidelines.

2002)). These principles include, of course, that "[a] writing must be interpreted as a whole and no part should be ignored." CALAMARI & PERILLO, CONTRACTS § 3.13 (5th ed. 2003), *see also* FARNSWORTH ON CONTRACTS § 7.10 (4th ed. 2004).

Although we agree with Schwartz that his appellate waiver does not foreclose his claim that the government breached the Agreement, we disagree with Schwartz's argument on the merits. Schwartz's argument is logical as far as it goes, but we find it unpersuasive because it disregards several other provisions of the Agreement. First, we note that the entire Agreement was predicated upon Schwartz's continued cooperation and "it is a condition and obligation of this cooperation agreement that the defendant not commit any additional crimes after the date of this agreement." Agreement ¶ 4(j). The Agreement also provides in Paragraph 4(i) that "if in the government's sole discretion the defendant fails to cooperate . . . the government may withdraw any departure motion filed under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35." The foregoing provision distinguishes Schwartz's case from *United States v. Padilla,* 186 F.3d 136 (2d Cir. 1999), on which he relies.

In *Padilla,* the plea agreement did not state that the government reserved the right to withdraw its motion for downward departure. *Id.* at 141 (agreement "failed to enumerate specifically the right to withdraw the motion"). Unlike *Padilla,* here the Agreement reserved to the government several remedies if Schwartz failed to cooperate, including: "the government may withdraw any departure motion filed under U.S.S.G. § 5K1.1 . . . ." Agreement at ¶ 4(i). Moreover, as noted above,

6

paragraph 4(j) states: "Defendant understands that it is a condition and obligation of this cooperation agreement that the defendant not commit any additional crimes after the date of this agreement." Therefore, *Padilla* does not support Schwartz's argument because the Second Circuit's opinion adverted to the absence of the very language found in Schwartz's Agreement. *Id.* at 142.

Although *Padilla* is unavailing to Schwartz, we note that his argument finds support in a decision of the Court of Appeals for the Eighth Circuit. *See United States v. Anzalone,* 148 F.3d 940, *reh'g en banc granted, opinion vacated,* 148 F.3d 940, *opinion reinstated, reh'g en banc denied,* 161 F.3d 1125 (8th Cir. 1998). *Anzalone* held, on facts similar to those presented here, that the government could not refuse to file a motion for downward departure for reasons unrelated to the defendant's cooperation. *Id.* at 941. Although Anzalone apparently used illegal drugs in violation of his plea agreement, the Eighth Circuit ruled that the government was required to file the motion for downward departure, and then bring Anzalone's criminal conduct to the court's attention at sentencing. *Id.* at 941-42. Judge Murphy dissented, citing language from the plea agreement strikingly similar to the language of Schwartz's Agreement, which led her to conclude that the government complied with its obligations under the plea agreement. *Id.* at 942-43. Significantly, we cited Judge Murphy's dissent with approval in *United States v. Abuhouran,* 161 F.3d 206, 214 n.7 (3d Cir. 1998) (finding the majority's reasoning in *Anzalone* "not entirely convincing"). Since then, both the Fourth and Eleventh Circuits have disapproved of *Anzalone. See United States v. Butler,* 272 F.3d 683 (4th Cir. 2001); *United States v.*

7

*Nealy,* 232 F.3d 825 (11th Cir. 2000). We too find *Anzalone* unpersuasive and decline to follow it.

In sum, notwithstanding that withdrawal of the downward departure motion was not among the remedies enumerated in Paragraph 4(k) of the Agreement, Schwartz's drug trafficking activities were further crimes constituting lack of cooperation pursuant to Paragraph 4(j) that authorized the government to withdraw its motion under Paragraph 4(+i). Accordingly, we hold that the government may withdraw a downward departure motion when a defendant agrees not to violate the law and the written plea agreement reserves to the government the right to withdraw the motion upon that occurrence.

## III.

Schwartz next argues that the government acted in bad faith because it knew or should have known of his drug use while he was cooperating. Because of his consistently positive drug tests, his lack of employment or income, and his cooperation with authorities causing continued association with drug users, Schwartz claims that the government knew or should have known that he was selling enough methamphetamine to support his own habit. Thus, Schwartz argues that the government's "purported" reasons for withdrawal of the downward departure motion were "bad faith pretexts."

We find Schwartz's argument unpersuasive for two reasons. First, he understates the level of his ongoing drug dealing. DEA agents confiscated at Schwartz's residence drug

packaging paraphernalia and approximately $4500 worth of methamphetamine — amounting to the equivalent of about 90 doses — putting the lie to his argument that he was selling small amounts to sustain his habit.  Second, we reject Schwartz's attempt to hold the government responsible for his inability to cease criminal activity.  As the District Court noted, this theory ignores the fact that the Agreement required Schwartz to follow the law.  The government bears no more responsibility for Schwartz's criminal conduct after he signed the Agreement than it did before he was arrested.

Based on the terms of the Agreement and the evidence establishing Schwartz's drug trafficking activity, we hold that the government neither breached the Agreement nor acted in bad faith when it sought to withdraw the downward departure motion.

For the foregoing reasons, we will affirm the judgment of the District Court.