**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3184
_____

UNITED STATES OF AMERICA

v.

REHELIO D. TRANT,

Appellant

_____


On Petition for Review of a Judgment of the District Court
of the Virgin Islands
District Judge: Hon. Curtis V. Gómez
(D.C. No. 3-08-cv-00064)

Submitted Under Third Circuit LAR 34.1(a)
May 4, 2010

Before: SMITH, CHAGARES, and JORDAN, Circuit Judges.

Filed: August 6, 2010


_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Rehelio Trant appeals from a final judgment of sentence by the District Court of

the Virgin Islands. For the reasons set forth below, we will vacate Trant's sentence and

remand the matter to the District Court.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

On the afternoon of October 9, 2008, appellant Rehelio D. Trant ("Trant") was driving and spotted a woman whom he knew. He stopped his car, exited the vehicle, and commanded her to tell him the whereabouts of her estranged husband. When she told him she did not know, Trant pointed a gun at her, and threatened to "blow her head off" if she did not tell him. She was still unable to give him any information, and Trant got back into his vehicle and drove away.

The victim called the police immediately after the encounter and gave police a description of both Trant and the automobile he was driving. Police soon located Trant's vehicle, but when Trant refused to pull over for police officers in pursuit, a chase ensued. Trant eventually lost control of his vehicle, colliding with a police vehicle. He continued to drive away from the pursuing officers, but was eventually stopped by police and taken into custody. A police search of his automobile uncovered two firearms and a bulletproof vest.

Trant was indicted and charged with nine separate counts of violating federal and local law. However, pursuant to a plea agreement, the Government dropped all charges except a charge of being a felon in possession of a firearm in violation of 18 U.S.C. §§

922(g)(1) and 924(a)(2), and a charge of third degree assault in violation of V.I. Code tit. 14, Ann. Code § 297(2).

The undisputed terms of the plea agreement were as follows. In exchange for pleading guilty to those two charges and waiving his right to appeal, the Government agreed to drop the other seven charges, recommend to the sentencing judge that Trant be sentenced within the relevant Guidelines range on the federal charge, and, while the Government would seek to have Trant classified as a habitual offender as to the local charge, it would recommend that he be sentenced to the 10-year mandatory minimum under the habitual offender enhancement.[1] Additionally, the agreement contained an appellate waiver pursuant to which Trant "waive[d] the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined . . . ." App. 55.

A sentencing hearing was held on April 15, 2009. At the conclusion of the hearing, the District Court continued the hearing to allow the parties to brief several issues before deciding on a final sentence. When the sentencing hearing was resumed on July 22, 2009, the Court again heard from the parties. The government recommended a sentence of 10 years on the local charge but made no recommendation on the federal charge. Additionally, the government made a presentation at sentencing in which it

---

[1] Under the Virgin Islands habitual offender enhancement, any defendant so classified is subject to a sentence of ten years to life imprisonment. V.I. Code Ann. tit. 14, § 61(b).

3

highlighted the seriousness of Trant's offenses and the fact that Trant has a significant criminal history."

At the conclusion of the hearing, the District Court sentenced Trant to 120 months of imprisonment, 3 years of supervised release, and a $500.00 fine on the federal charge. This was an upward variance from the applicable Guidelines range, which was 84 to 105 months. On the local charge, the District Court sentenced Trant to 180 months of imprisonment, substantially above the mandatory minimum for the habitual offender enhancement. The two sentences were to run concurrently. Trant filed a timely appeal of his sentence to this Court.

## II.

The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. This Court has jurisdiction over final judgments of the District Court pursuant to 28 U.S.C. § 1291.

This Court determines de novo whether an appellate waiver can be enforced. United States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001). The Court exercises plenary review over whether an issue raised by a defendant on appeal falls within the scope of a plea agreement's appellate waiver. United States v. Goodson, 544 F.3d 529, 537 n.6 (3d Cir. 2008). We also exercise plenary review over questions of whether the Government breached its plea agreement. United States v. Hodge, 412 F.3d 479, 485 (3d Cir. 2005).

4

Plea agreements are analyzed under contract law standards. United States v. Williams, 510 F.3d 416, 423-24 (3d Cir. 2007).

III.

The Government asserts that Trant's appeal should be dismissed because in entering into the plea agreement, he waived his right to appeal his sentence. However, "[a] defendant's appellate waiver is not enforceable if the government breaches its own obligations under a plea agreement." United States v. Schwartz, 511 F.3d 403, 405 (3d Cir. 2008). We must therefore determine whether, under contract law principles, the Government breached the plea agreement. In doing so, "[w]e are mindful of the government's 'tremendous bargaining power' and 'strictly construe the text [of the Agreement] against [the government].'" Id. (quoting United States v. Baird, 218 F.3d 221, 229 (3d Cir. 2000) (second and third alterations in original)).

Trant claims that the Government breached the plea agreement by: (1) failing to recommend that the Court sentence him within the recommended Guidelines range on the federal charge; and (2) by presenting a number of factors that influenced the Court to increase the severity of his sentence on the local charge.

Under the terms of the plea agreement, the Government was obligated to recommend that Trant be given a sentence within the recommended Guidelines range, which was 84 to 105 months, as to the federal charge. The Government failed to make

5

any such recommendation, and the Court varied upward from this range, sentencing Trant to 120 months of imprisonment.

The Government argues that its failure to make its promised recommendation on this charge is irrelevant, since the 120-month sentence was to run concurrently with the longer sentence on the local charge. However, the Government offers no support for this harmless error argument, and the Supreme Court's decision in Santobello v. New York, 404 U.S. 257 (1971), rejected a similar harmless error argument.[2] Since a Government's material breach of a plea agreement undermines the basic integrity of the criminal justice system in addition to prejudicing the affected defendant, we cannot excuse such a breach on harmless error grounds. Here, it is undisputed that the Government was obligated by the terms of the plea agreement to recommend a sentence within the Guidelines range on the federal charge, and that it failed to do so. This was a material breach of the plea agreement, and the appropriate remedy is to vacate this sentence and remand to the District Court. While the sentencing will still be within the discretion of the court, and

---

[2] There, the Court determined:

> We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration.

Santobello, 404 U.S. at 262-63.

Trant may receive the identical sentence, the Government is required to honor the terms of the plea agreement by making the promised recommendation. Accordingly, we will vacate the judgment of sentence on the federal charge and remand the matter to the District Court.

IV.

The terms of the plea agreement also provided that while the Government would seek the habitual offender enhancement for Trant on the local charge, it would recommend that Trant only be sentenced to the ten-year minimum sentence under that enhancement.

At the initial sentencing hearing, the Government explicitly stated that "[b]ased on the plea agreement entered into with Mr. Trant and defense counsel, the government would ask that the defendant be sentenced to a term of 10 years" under the habitual offender enhancement. App. 70. However, the Government then went on to catalog a number of factors speaking to the severity of Trant's actions and the extent of his criminal history -- ordinarily factors introduced to convince a sentencing court to increase the severity of a defendant's sentence. These factors included: (1) that "Trant continually appears to get into situations in which firearms are used, where threats to kill are made;" (2) that "Trant has obviously not learned from his previous incarceration that if you use a firearm, if he's in possession of a firearm, it can cause him more grief in the long run;"

7

(3) a recitation of the facts of the offense, characterized by the Government as an innocent "young lady" who "hadn't done anything" who was accosted by Trant, who "pulled up where she was, pointed the gun at her and told her he would blow her head off;" and (4) that Trant was "clearly also a dangerous individual." App. 70-71. The Government concluded by again recommending that Trant be sentenced to the ten-year minimum under the habitual offender enhancement.

The Government claims that in doing so, it satisfied its obligations under the plea agreement. It recommended several times that Trant be sentenced to ten years of imprisonment, and never made any explicit recommendation that Trant be sentenced more severely than that. Trant argues that while the Government technically made its recommendation as obligated under the plea agreement, the statements as to Trant's criminal history and dangerous nature undermined the recommendation to such a degree that it constituted a breach of the plea agreement.

The question before the Court is whether a Government obligation to recommend a certain sentence also requires it to refrain from making statements to the sentencing court which could convince the court to impose a higher sentence than the formal recommendation. Courts have held that comments made by the Government regarding the culpability or criminal history of a defendant at sentencing can in and of themselves constitute a recommendation. See, e.g., United States v. Mondragon, 228 F.3d 978, 980-81 (9th Cir. 2001). This Court has held that the Government breaches the plea agreement

when "the plain implication of [a] statement" made by the Government at the sentencing hearing serves to recommend a different sentence than what the Government promised to recommend in the plea agreement. United States v. Hodge, 412 F.3d 479, 487 (3d Cir. 2005); Cf. United States v. Moscahlaidis, 868 F.2d 1357, 1361-63 (3d Cir. 1989) (holding that where Government had promises in plea agreement not to take a position regarding a defendant's sentence, and then made statements which clearly indicates a sentencing preference, the Government has breached the plea agreement).

We also note again that plea agreements are to be construed under established principles of contract law. Under contract law, each party to a contract has a duty of good faith performance, "which emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." Restatement (Second) of Contracts § 205 cmt. a (1981).

Here, the statements made by the Government at the sentencing hearing did not give the Court any information it did not already know or have available in the presentencing report, and, without any limiting language indicating that the prosecutor's sole purpose was to discourage a sentence substantially lower than the recommended ten years, the purpose and effect of those statements appears to have been to persuade the Court to sentence Trant to a more severe sentence than the recommended ten-year minimum sentence. These statements by the Government were therefore counterproductive to the common purpose of the plea agreement, and inconsistent with

9

Trant's reasonable expectations. Since the Government's statements at the first plea hearing could have reasonably been interpreted as urging the court to impose a more severe sentence than the Government was obligated to recommend, these statements materially undermined the Government's recommendation, and constituted a breach of the plea agreement. Accordingly, the appropriate remedy is to vacate the Court's fifteen-year sentence on the local charge, and remand the matter to the District Court.

V.

For these reasons, we will vacate the sentence imposed and remand the matter to the District Court. "In this circuit, the rule is to remand the case to the district court for it to determine whether to grant specific performance or allow withdrawal of the plea." Moscahlaidis, 868 F.2d at 1363. If the District Court determines that specific performance of the plea agreement is appropriate, Santobello instructs that the resentencing should take place before a different judge. 404 U.S. at 263. Thus, we will remand to the District Court for further proceedings consistent with this opinion.