**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1171
_____

UNITED STATES OF AMERICA

v.

ROBERTO RENTAS NEGRON,
                                          Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3:13-cr-00364-001)
District Judge: Honorable Mary L. Cooper

_____

Submitted under Third Circuit LAR 34.1(a)
on Thursday, October 27, 2016

Before:  FISHER,[*] VANASKIE, and KRAUSE, *Circuit Judges*

(Opinion filed: March 29, 2017)
_____

OPINION[**]
_____

---

[*] The Honorable D. Michael Fisher, United States Circuit Judge for the Third
Circuit, assumed senior status on February 1, 2017.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Roberto Rentas Negron challenges his sentence on the ground that the Government breached the parties' plea and cooperation agreements by failing to move for a departure under United States Sentencing Guideline § 5K1.1 and 18 U.S.C. § 3553(e). For the reasons that follow, we will affirm.

## I.  Background

Appellant Roberto Rentas Negron ("Rentas") pleaded guilty in 2013 to possession with intent to distribute five kilograms or more of cocaine.  In connection with his plea, Rentas had negotiated both a plea agreement and a cooperation agreement with the Government.  Under the cooperation agreement, if the Government, in its discretion, determined that Rentas had "fully complied" with the agreement and had provided "substantial assistance," then the Government "[would] move the sentencing judge, pursuant to Section 5K1.1 of the Sentencing Guidelines, to depart from the otherwise applicable guideline range" and "[might] move the sentencing judge, pursuant to 18 U.S.C. § 3553(e), to depart from any applicable statutory minimum sentence." Appellee's Br. 3 (emphasis omitted).

Despite this provision, the Government sought neither a § 5K1.1 departure nor a § 3553(e) departure at Rentas's 2016 sentencing.  The District Court held that there was no "gross abuse of the government's discretion" that would justify an order compelling the Government to make a departure motion, App. 85, and it proceeded to sentence Rentas to 120 months' imprisonment, the statutory minimum, with credit for time served. Rentas now appeals.

2

## II.  Discussion[1]

On appeal, Rentas challenges his sentence on the sole ground that the Government breached its agreement with Rentas by failing to file a departure motion under § 5K1.1 or § 3553.  Our review of this issue is plenary, and we will reverse the District Court's ruling if the Government's refusal to file a departure motion is attributable to bad faith.[2] *United States v. Isaac*, 141 F.3d 477, 481, 484 (3d Cir. 1998).  The Government does not act in bad faith, however, when the defendant does not meet the conditions for a departure motion under the plea agreement.  *See United States v. Floyd*, 428 F.3d 513, 517 (3d Cir. 2005); *United States v. Swint*, 223 F.3d 249, 254 (3d Cir. 2000).

Here, Rentas did not meet one of the conditions for a departure motion under the parties' agreement: full compliance with the agreement, including its provision requiring Rentas not to "commit or attempt to commit any additional federal, state, or local crimes."  Appellee's Br. 3.  Instead, while he was incarcerated and awaiting sentencing, Rentas was found guilty of possessing marijuana—a "separate federal crime." App. 69, 74.  By committing this crime, Rentas breached the parties' agreement, and the Government was permitted not to move for a downward departure.  *See Swint*, 223 F.3d at 255.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction to review its final order under 28 U.S.C. § 1291.

[2] Although the District Court did not engage in an appropriate bad-faith analysis, we need not remand for application of the correct legal standard where, as here, application of that standard could support only one conclusion.  *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 712 (3d Cir. 2004).

Rentas's arguments for ignoring his crime are unavailing. Although Rentas takes the position that the marijuana was not his, he produced no evidence to support this position and thus has failed to provide grounds for even a hearing on whether he complied with the parties' agreement. *See Isaac*, 141 F.3d at 484. And though Rentas contends that the Government continued to seek Rentas's cooperation after marijuana was found in his cell, the Government's actions do not alter the fact that the agreement required Rentas to follow the law—nor do they immunize Rentas from the consequences of failing to do so. *See United States v. Schwartz*, 511 F.3d 403, 406-07 (3d Cir. 2008).

We conclude, therefore, that the District Court had no need to more closely scrutinize the Government's decision not to file a departure motion, that it had no grounds on which to order the Government to do so, and that, accordingly, it did not commit reversible error.[3] *See id.*; *Swint*, 223 F.3d at 255-56.

III. **Conclusion**

For the foregoing reasons, we will affirm the sentence imposed by the District Court.

---

[3] Because we hold that Rentas breached the parties' agreement by committing an additional crime, we need not reach the parties' arguments about whether Rentas provided substantial assistance or the Government's argument that Rentas received other benefits due to his attempted cooperation. *See Swint*, 223 F.3d at 256 n.8.