**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1241

_____

UNITED STATES OF AMERICA
v.

CONSTANCE STOBERT,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:23-cr-00024-001)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 8, 2025

Before: HARDIMAN, PORTER, and FISHER, *Circuit Judges*.

(Filed: April 16, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Constance Stobert appeals her judgment of sentence after pleading guilty to wire fraud and filing false tax returns. We will affirm.

I

Over a four-year period, Stobert stole more than $1.6 million from her employer, Mechanical Operations Company. And she failed to report the embezzled money as income on her federal tax returns.

Stobert pleaded guilty to seven counts of wire fraud under 18 U.S.C. §§ 2 and 1343 and four counts of filing a false tax return under 26 U.S.C. § 7206(1). In a written plea agreement, she agreed to pay over $500,000 in restitution to the Internal Revenue Service and to recommend to the District Court a restitution payment of more than $1.6 million to her employer. Stobert also agreed to waive her right to appeal her conviction or sentence.

For its part, the Government agreed

> to recommend a two-level downward adjustment for acceptance of responsibility [pursuant to United States Sentencing Guidelines § 3E1.1(a)] and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

App. 30.

Just days after her plea hearing, Stobert purchased a new Toyota SUV for $37,484.78. And in the months leading up to sentencing, Stobert spent over one thousand

2

dollars on Amazon, DoorDash, and alcohol.

Stobert's spending habits, in the Government's view, demonstrated a lack of acceptance of responsibility. So at sentencing, the Government declined to move for the additional one-point reduction under § 3E.1.1(b). Stobert did not dispute that she made those purchases, but she argued that the Government's choice not to move for the § 3E1.1(b) reduction was "improper under the plea agreement." App. 333.

Consistent with the Government's decision, the District Court calculated Stobert's offense level as 24 and her Sentencing Guidelines range as 51 to 63 months' imprisonment. The Court sentenced Stobert to 51 months followed by three years' supervised release and ordered her to pay $2,224,883.49 in restitution.

Stobert filed this timely appeal claiming that the Government breached the plea agreement. *See United States v. Schwartz*, 511 F.3d 403, 405 (3d Cir. 2008).

II[1]

Stobert argues that the Government breached the plea agreement when it declined to move for a one-level reduction under § 3E1.1(b) while maintaining its recommendation for a two-level reduction under § 3E1.1(a). She insists that the plea agreement tethered those two Guidelines provisions together such that Stobert "reasonably understood" that "if she accepted responsibility sufficient to receive the two

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

points under [] § 3E1.1(a), she was [also] entitled to the third point" under § 3E1.1(b). Stobert Br. 22. We disagree.

The Government reserved the right to *not* make a recommendation under § 3E1.1(a) *and* a motion under § 3E1.1(b) "if at any time prior to" sentencing, Stobert "fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility." App. 30. That reservation was not self-executing: if the Government believed one or both predicates had been satisfied, it had to make an argument to the District Court to justify changing its position on either adjustment.

The Government chose to withdraw its motion under § 3E1.1(b) only; it did not withdraw its recommendation for the § 3E1.1(a) reduction. As a result, the Government forfeited its ability to challenge the two-point offense level reduction that Stobert received under § 3E1.1(a). *See United States v. Dowdell*, 70 F.4th 134, 141–43 (3d Cir. 2023). Whether that forfeiture was a matter of lenity or oversight, it did nothing to undermine the Government's discretion regarding § 3E1.1(b) or otherwise breach the plea agreement.

## III

In the alternative, Stobert contends the Government breached the plea agreement because her conduct was not "inconsistent with acceptance of responsibility." App. 30. She argues that she "demonstrated contrition for her actions" by "timely pleading guilty"

4

and making settlement payments to MOC in a separate civil suit. Stobert Br. 24–25. We are unpersuaded.

Even under the reading of the plea agreement most charitable to Stobert, *United States v. Baird*, 218 F.3d 221, 229 (3d Cir. 2000), her post-plea conduct was plainly "inconsistent with acceptance of responsibility." App. 30. Less than a week after she pleaded guilty and agreed at her plea hearing that she was liable for over two million dollars in restitution, she purchased an expensive new SUV. Stobert's profligacy did not stop there. Over the next eight months before sentencing, she spent more than one thousand dollars on Amazon, DoorDash, and alcohol. Her spending pattern was "inconsistent with [Stobert's] acceptance of responsibility" to pay restitution to her victims. App. 30. *See* U.S.S.G. § 3E1.1 cmt. n.1(C), (E) (acceptance of responsibility includes, *inter alia*, the voluntary payment of restitution and assistance in recovering the fruits of the crime); *see also United States v. Wells*, 154 F.3d 412, 414 (7th Cir. 1998) ("Where [voluntary restitution] is feasible, its refusal, demonstrating as it does a desire to retain the fruits of the crime, blocks any inference of remorse or repentance.").

Stobert's civil payments to her employer and timely guilty plea do not negate the lack of acceptance of responsibility that she exhibited after she signed the plea agreement. As Stobert conceded, those settlement payments have no bearing on her obligation to pay the millions in restitution. And the Guidelines commentary makes clear that "evidence of acceptance" such as a guilty plea can be "outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1

5

cmt. n.3. *See also United States v. Mercado*, 81 F. 4th 352, 358 (3d Cir. 2023). That is true here, where Stobert made frivolous purchases contrary to her restitution obligations. Stobert may disagree with the Government's assessment that she has not accepted responsibility, but that does not make the Government's conduct "inconsistent with what was reasonably understood by the defendant when entering the plea of guilty." *United States v. Davenport*, 775 F.3d 605, 609 (3d Cir. 2015) (cleaned up).

*     *     *

Because the Government did not breach the plea agreement, we will enforce Stobert's appellate waiver and affirm her judgment of sentence.