CLD-232                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1363
_____

UNITED STATES OF AMERICA

v.

GREGORY J. PODLUCKY,

                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 09-cr-00279-1)
District Judge: Alan N. Bloch

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 11, 2017

Before:   SHWARTZ, NYGAARD and FISHER, Circuit Judges

(Opinion filed:  May 16, 2017)
_____

OPINION*
_____

PER CURIAM

        Gregory Podlucky appeals from an order of the District Court denying his motion

to withdraw his plea agreement.  For the reasons that follow, we will summarily affirm.

        Podlucky pleaded guilty in the United States District Court for the Western

District of Pennsylvania to income tax evasion, mail fraud, and conspiracy to commit

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

money laundering. As part of the plea agreement, Podlucky waived his right to appeal or collaterally attack his convictions and sentence. He agreed to make restitution and to participate in the Bureau of Prisons Inmate Financial Responsibility Program through which 50% of his prison salary would be applied to pay restitution. The agreement further contained a provision providing that he agreed to the criminal forfeiture of all pieces of jewelry that were seized as evidence during the investigation of his crimes, with the exception of certain personal pieces to be agreed upon by the parties. The District Court accepted the plea agreement and sentenced Podlucky to a term of imprisonment of twenty years, to be followed by five years of supervised release. The District Court further ordered restitution in the amount of $661,324,329.81. Podlucky appealed. We granted the Government's motion to enforce the appellate waiver and summarily dismissed the appeal.

On October 6, 2013, Podlucky, represented by counsel, filed a motion to vacate sentence, 28 U.S.C. § 2255. Citing our decisions in United States v. Schwartz, 511 F.3d 403, 405 (3d Cir. 2008), and United States v. Shedrick, 493 F.3d 292, 298 (3d Cir. 2006), Podlucky argued that the Government breached the terms of the plea agreement and thus that the collateral appeal waiver was not valid. He also argued that counsel was constitutionally ineffective in negotiating the terms of the plea agreement. Podlucky specifically argued that the Government, by failing to return the personal pieces of jewelry identified in Sections A.6 and B.5 of the plea agreement, breached the plea agreement. The Government answered the § 2255 motion, noting that, prior to pleading guilty, Podlucky failed to identify any pieces of personal jewelry. The Government acknowledged that, after Podlucky pleaded guilty, he came forward with a list of 679

2

items of jewelry worth $938,790, which he argued should be returned to him. The Government asserted, however, that it rejected the claim because the evidence showed that almost all of the jewelry items claimed as personal had actually been purchased with proceeds of the fraud scheme. In short, Podlucky was unable to document through his records that any of the jewelry, even the pieces which the Government could not link to the fraud, was personal. The Government argued that no agreement on exemption and return was ever reached, and that it had acted in good faith to fulfill the executory agreement by meeting with Podlucky to seek agreement consistent with its responsibility.

The District Court, in an order entered on December 29, 2014, dismissed the § 2255 motion pursuant to Podlucky's waiver of his right to file a collateral appeal. The Court concluded that Podlucky's plea was knowing and voluntary, and that enforcing the waiver would not work a miscarriage of justice in his case. In so doing, the District Court found Sections A.6 and B.5 -- pertaining to the forfeiture of the jewelry -- to be unenforceable as mere agreements to reach an agreement. The District Court found that these provisions were nonessential and severable from the plea agreement as a whole, and thus that the Government had not breached the plea agreement by failing to return any jewelry to Podlucky.[1] Podlucky appealed, and we denied his application for a certificate of appealability.

On December 21, 2016, Podlucky filed a pro se motion to withdraw his plea agreement, citing Federal Rule of Criminal Procedure 11(c)(5). In it he noted that he was pursuing legal action against the United States in the International Court of Justice, where he was seeking money damages for malice and willful misconduct in connection with the

---

[1] The Court noted in the margin that Podlucky had, in fact, raised claims in the related civil forfeiture action pertaining to the seized jewelry.

3

destruction of his business and the prosecution. Before that case proceeded he sought to withdraw his guilty plea. In the Rule 11 motion, Podlucky specifically complained about the Government's alleged breach of the plea agreement in refusing to return the personal pieces of jewelry, and he also appeared to contend that restitution was not a part of the plea agreement, all of which, he argued, justified his decision to withdraw the plea. In an order entered on January 13, 2017, the District Court denied the motion. The District Court reasoned that criminal Rule 11 does not authorize withdrawal of a guilty plea in the circumstances presented, and that Podlucky had failed to obtain prior authorization to file a second or successive § 2255 motion.

Podlucky appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised Podlucky that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Rule 11(e) provides that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). Podlucky has already been sentenced and thus criminal Rule 11 does not provide a basis for him to withdraw his guilty plea. Moreover, Podlucky has already pursued a direct appeal and a first collateral attack. Any further challenges to his plea agreement will have to be pursued, not under criminal Rule 11, but under 28 U.S.C. § 2255. A second or successive § 2255 motion cannot be filed unless the applicant has applied for and obtained an order from the court of appeals authorizing the District Court to consider the second or successive § 2255 motion. 28 U.S.C. 2255(h)

4

(citing 28 U.S.C. 2244).  Because Podlucky did not obtain leave to file a second or successive § 2255 motion, the District Court lacked jurisdiction to consider his request to withdraw his guilty plea.  Moreover, since Podlucky's December, 2016 motion to withdraw the plea agreement does not involve newly discovered evidence of innocence or a new retroactive rule of constitutional law, it would not provide a basis for an appellate court to grant him leave to file a second or successive § 2255 motion, id. at § 2255(h)(1)-(2).  Accordingly, the District Court was under no obligation to transfer it to this Court in the interest of justice, see 28 U.S.C. § 1631.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Podlucky's motion to withdraw the plea agreement.