**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2192
_____

GREGORY J. PODLUCKY,
                                    Appellant

v.

THE LINDSAY LAW FIRM, P.C.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 2:23-cv-00858)
District Judge:  Honorable W. Scott Hardy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 8, 2023

Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: January 11, 2024)
_____

OPINION*
_____

PER CURIAM

        Gregory Podlucky implemented a scheme to falsely inflate the financials of his

company, Le-Nature's, Inc. (LNI), and bilk its investors and banks out of over

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

$600,000,000. In 2011, Podlucky pleaded guilty in the U.S. District Court for the Western District of Pennsylvania to income tax evasion and other offenses. In addition to its appellate and collateral-attack waivers, the plea agreement contained a provision through which Podlucky agreed "to the criminal forfeiture of all pieces of gems and jewelry that were seized as evidence during the investigation" of his crimes, "with the exception of certain personal pieces to be agreed upon by the parties." Podlucky was ultimately sentenced to 240 months of imprisonment and ordered to pay restitution.[1]

Podlucky's many challenges to his convictions and sentence all have failed. Those challenges included a motion under 28 U.S.C. § 2255 and a motion to withdraw his plea, both of which claimed that the Government breached the plea agreement when it did not return to Podlucky hundreds of pieces of jewelry (the disputed jewels). Podlucky had also claimed that his defense counsel at The Lindsay Law Firm (TLLF) were constitutionally ineffective in negotiating the terms of the plea agreement. See, e.g., United States v. Podlucky, 697 F. App'x 744, 745 (3d Cir. 2017) (per curiam).

In 2023, Podlucky filed in the District Court a pro se complaint repackaging his jewelry-related postconviction claim as one for breach of contract against TLLF under state law. According to Podlucky, TLLF "failed to follow the terms and conditions of its

---

[1] After Podlucky was remanded to the custody of the Bureau of Prisons, the IRS determined that he was liable for tax deficiencies and civil fraud penalties related to his tax returns for filing years 2003-2006. Podlucky disputed the IRS's assessment. The U.S. Tax Court conducted a trial and then sustained the IRS's deficiency and penalty determinations. Podlucky's appeal of that decision is pending. See Podlucky v. C.I.R., C.A. No. 22-70169 (9th Cir.).

retainer agreement and subsequent Plea Agreement it executed," which resulted in his non-receipt of the disputed jewels.

The District Court authorized Podlucky to proceed in forma pauperis, dismissed his complaint without prejudice, and permitted him to file an amended complaint. In the amended complaint that followed, Podlucky again raised his breach-of-contract claim while adding a claim for intentional infliction of emotional distress (IIED). Podlucky predicated the District Court's subject matter jurisdiction on 28 U.S.C. § 1332(a).[2]

The District Court screened Podlucky's amended complaint and dismissed it with prejudice for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii). Starting with the breach-of-contract claim, the District Court observed that Podlucky "does not allege how [TLLF] supposedly breached any of the terms" of their fee agreement or "that he suffered damages as a result." DC Op. 3. The District Court determined as well that any breach of the plea agreement by the Government could not be imputed to TLLF, which was not a party to that agreement. Turning to the IIED claim, the District Court observed that the amended complaint "contains no allegation of physical injury or harm to [Podlucky] as a result of [TLLF's] conduct, let alone any allusion to competent medical evidence of the same." DC Op. 4. Finally, the District Court determined that any further amendment of Podlucky's pleading would be futile.

---

[2] Podlucky alleged that he "is a citizen of the State of Colorado," that The Lindsay Law Firm is headquartered in Pennsylvania, and that "the amount in controversy is greater than a statutory minimum." According to the records of the Bureau of Prisons, Podlucky is currently housed at a Residential Reentry Center in Phoenix, Arizona.

Podlucky appealed. We have appellate jurisdiction under 28 U.S.C. § 1291. We review de novo an order dismissing a pleading under § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The denial of leave to amend a pleading, meanwhile, is reviewed for abuse of discretion, though we review de novo any determination that amendment would be futile. See U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

We are skeptical that Podlucky's claims, which are based on facts familiar to him for over a decade prior to filing this suit, would survive a statute-of-limitations test. Cf. 42 Pa. Cons. Stat. Ann. § 5525(a)(1) (providing that "An action upon a contract" "must be commenced within four years"); 42 Pa. Cons. Stat. Ann. § 5524(7) (providing that any action "to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct" "must be commenced within two years"). Regardless, we agree with the District Court that Podlucky failed to plausibly plead the elements of a contract or IIED claim under Pennsylvania law.

Even now, Podlucky fails to identify any express term of the fee agreement that he believes was breached. Insofar as Podlucky meant to frame his contract claim as one asserting professional negligence, cf. Br. 4 (arguing that his defense counsel "had a fiduciary duty pursuant to the rules and standards of the American Bar Association and the Pennsylvania Bar Association to ensure the enforcement of the bargains in Podlucky's Plea Agreement"), the claim would lack plausibility given the plain terms of the fee and plea agreements.

4

The IIED claim also was insufficiently pleaded. In particular, we agree with the District Court that Podlucky did not plausibly allege "some type of resulting physical harm due to the defendant's outrageous conduct, as required under Pennsylvania law." Geness v. Cox, 902 F.3d 344, 353 n.3 (3d Cir. 2018) (citation and internal quotations omitted). Podlucky argues that requiring him to produce evidence of his physical injuries at this stage would be premature. See Br. 6. But all that was required of him was to plausibly plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and his filings to date all have failed to suggest that he could or would provide such content for a hypothetical second amended complaint.

For all of those reasons, the District Court did not err in dismissing Podlucky's amended complaint with prejudice. We will affirm the District Court's judgment.