OPINION OF THE COURT
NYGAARD, Circuit Judge.
Warren was indicted on charges of intent to distribute fifty or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(l)(A)(iii), and possession of a firearm by a person previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1). He filed a pretrial motion to, inter alia, suppress evidence allegedly obtained in violation of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 471, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The District Court granted Warren’s motion in part, as to statements Warren made at his home to his state parole agent, but denied it as to statements Warren made at the police station after receiving the Miranda warning. Warren appeals this ruling. We will affirm.
Warren later entered into a plea agreement in which he pleaded guilty to the drug charge. In this agreement, the government states that it will refrain from filing, pursuant to 21 U.S.C. § 851, an information to increase the penalty based upon a prior conviction. On appeal, Warren contends that the government breached this provision of the agreement. We will dismiss the breach of plea agreement claim.
I.
We will first address the Miranda issue.[1] At the police station, Warren sig *184 naled that he wished to talk. The police officer’s testimony at the suppression hearing gives an account of what happened next.
I told [Warren] that he had the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to an attorney. If you cannot afford to hire an attorney, one will be appointed to represent you without charge before any questioning if you wish. Should you decide to talk to me, you can stop the questioning any time.
Suppression Hearing 12, ECF No. 60. The record makes clear that the officer did not read this warning from a card, but rather recited it from memory. Warren does not challenge the accuracy of the officer’s testimony. Instead, Warren argues that the officer’s testimony evinces a deficient Miranda warning because it failed to advise him of his right to an attorney after questioning commenced.
The Supreme Court stated in Miranda, that authorities are obligated to advise a person taken into custody of “the right to consult with a lawyer and to have the lawyer with him during interrogation.” Miranda, 384 U.S. at 471, 86 S.Ct. 1602. Yet, in the years since Miranda, the Supreme Court has consistently refrained from constructing a particular formula for the warning. In Duckworth, the Court held the following.
Reviewing courts are not required to examine Miranda warnings as if construing a will or defining the terms of an easement. The inquiry is simply whether the warnings reasonably “eonve[y] to [a suspect] his rights as required by Miranda.”
Duckworth v. Eagan, 492 U.S. 195, 203, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989) (quoting California v. Prysock, 453 U.S. 355, 361, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981)). The Court recently reaffirmed this standard in Florida v. Powell, — U.S. -, 130 S.Ct. 1195, 1198, 175 L.Ed.2d 1009 (U.S.2010).[2]
After Powell was arrested, but before the Tampa, Florida, police questioned him, an officer recited the Miranda warning from a pre-printed card. The officer told Powell, inter alia, “[y]ou have the right to talk to a lawyer before answering any of our questions” and then that Powell had “the right to use any of these rights at any time you want during this interview.” Id. at 1197. At issue was whether the lack of any specific reference to Powell’s right to an attorney during questioning rendered statements he made during the interview inadmissible. Powell argued that Miranda was clear in its requirement that a person in custody must be advised of the right to counsel during questioning. He asserted that, by qualifying the language about counsel with the phrase “before answering any of our questions” the warning was deficient because it communicated that his right terminated when questioning began. The Supreme Court disagreed.
Miranda requires that a suspect be informed of the right to have counsel present during questioning. Miranda, 384 at 471, 86 S.Ct. 1602. Yet, as was highlighted in questioning by Justice Ginsburg at oral argument, Miranda regarded the warning used at that time by the Federal *185 Bureau of Investigation — which did not explicitly state any right to counsel at the time of questioning — as consistent with its holding. Oral Argument at 6:20, Id. at 483, 86 S.Ct. 1602 (No. 08-1175), available at http://www.oyez.org/cases/2000-2009/ 2009/2009_08_1175. That warning was characterized in Miranda as stating the following.
[The person in custody] is not required to make a statement, that any statement may be used against him in court, that the individual may obtain the services of an attorney of his own choice and ... that he has a right to free counsel if he is unable to pay.
Miranda, 384 U.S. at 483, 86 S.Ct. 1602. The Court went on to state that this warning could be “emulated by state and local enforcement agencies.” Id. at 486, 86 S.Ct. 1602. Therefore, it cannot be said that the Miranda court regarded an express reference to the temporal durability of this right as elemental to a valid warning. Rather, as the Powell decision underscores in quoting Prysock, attention must be focused upon whether anything in the warning “ ‘suggested any limitation on the right to the presence of appointed counsel different from the clearly conveyed rights to a lawyer in general, including the right to a lawyer before [the suspect is] questioned, ... while [he is] being questioned, and all during the questioning.’ ” Powell, 130 S.Ct. at 1204 (quoting Prysock, 453 U.S. at 360-361, 101 S.Ct. 2806) (internal quotation marks in Prysock omitted) (emphasis added).
Powell argued that the warning he received contained such a limitation because it informed him that he had a right to counsel “before questioning.” The Court, however, did not regard this language as fatal to the validity of the warning for two reasons. First, the “before” language, which is similar to the language of Duck-worth, “merely conveyed when Powell’s right to an attorney became effective-namely, before he answered any questions at all.” Powell, 130 S.Ct. at 1205.[3] Including these additional words did not vitiate the essential information given to the suspect that a right to counsel exists. Additionally, the Powell court took note of a “catch all” statement included in the warning at issue, to wit: “[you] have the right to use any of these rights at any time you want during this interview.” Id. at 1201. Therefore, the Powell court said, “[i]n combination, the two warnings reasonably conveyed Powell’s right to have an attorney present, not only at the outset of interrogation, but at all times.” Id. at 1205. Elaborating upon its assessment of the term “reasonably conveyed,” the Court said the following.
A reasonable suspect in a custodial setting who has just been read his rights, we believe, would not come to the counterintuitive conclusion that he is obligated, or allowed, to hop in and out of the holding area to seek his attorney’s advice. Instead, the suspect would likely assume that he must stay put in the interrogation room and that his lawyer would be there with him the entire time.
Id. (footnotes omitted). Importantly, the Court concluded that the warning was sufficient because “[n]othing in the words used indicated that counsel’s presence would be restricted after the questioning commenced.” Id. at 1205 (emphasis added).
Turning to the warning used in this case, we note that — unlike Powell — the police officer warned Warren of his right to *186 counsel without any reference to whether it commenced or ceased at any particular time. Warren was told in a straightforward manner: “[y]ou have the right to an attorney.” Therefore, it cannot be said that the instant warning explicitly stated a temporally-limited right to counsel. Yet, in light of Powell, we find it necessary to address whether the lack of any express reference to the right to counsel during interrogation, coupled with the lack of a “catch all” statement like that used in Powell, undermines the validity of the warning. We conclude that it does not.
As a starting point, it is of interest that the officer’s Miranda statement on the right to counsel here is remarkably similar to the warning used by the Federal Bureau of Investigation, which was regarded by the Miranda court as consistent with its holding. 384 U.S. at 483, 86 S.Ct. 1602.[4] As noted earlier, that warning did not make any mention of the right to an attorney during questioning. While not dispositive, this observation is instructive since our analysis turns upon whether the officer’s statement in this ease “reasonably conveyed” the rights set out in Miranda.
Warren asserts that the warning could be reasonably interpreted only as limiting his right to counsel. Unlike Powell, Warren offers no rationale for a reasonable person’s belief that the clear, unmodified statement “[y]ou have the right to an attorney” would be regarded as time-limited.
We note that the officer did, next, state “[i]f you cannot afford to hire an attorney one will be appointed to represent you without charge before any questioning if you wish.” Yet, we do not find that such a statement — referring only to the appointment of pro bono counsel on his behalf— can be reasonably interpreted to modify the prior, unqualified declaration of his general right to counsel.[5]
Moreover, it is counterintuitive to conclude from this warning that while the general right to counsel is unrestricted, the right to appointed counsel exists only in the moments prior to questioning and ceases the moment that the interview commences. Again, the officer said: “[i]f you cannot afford to hire an attorney, one will be appointed to represent you without charge before any questioning if you wish.” Like Powell and Duckworth, we read the officer’s words as indicating merely that Warren’s right to pro bono counsel became effective before he answered any questions. Powell, 130 S.Ct. at 1205. It does not restrict the right to counsel, but rather addresses when the right to appointed counsel is triggered. See Duckworth, 492 U.S. at 204, 109 S.Ct. *187 2875. Taken as a whole, then, the warning reasonably conveys the substance of the rights expressed in Miranda.
With that said, as in Powell, we do not regard the warning delivered in this case as the “clearest possible” statement that could be given. Powell, 130 S.Ct. at 1205. Moreover, the fact that this exchange occurred in the police station — a setting where a card imprinted with the Miranda warning should be readily available — is disconcerting, considering the resources that have been expended to consider a claim that could have been preempted with minimal care and effort. Nonetheless, we examine the warning objectively within the totality of the circumstances. Id. From this perspective, we conclude, as in Powell, that “[njothing in the words used indicated that counsel’s presence would be restricted after the questioning commenced.” Id. Therefore, we will affirm the order of the District Court.
II.
We now turn to the breach of plea agreement claim.[6] Warren admitted to his career offender status at the change of plea hearing, and neither the maximum statutory sentence (life imprisonment) or the Guidelines range attributable to his crack cocaine offense (292 to 365 months) is disputed.[7] Rather, Warren has argued that the District Court should use the Guidelines relating to a powder cocaine offense, yielding a range — he asserts — of 168 to 210 months.
At the sentencing hearing, the government disagreed with the range stated by Warren noting that, with Warren’s career offender status, the applicable range would be 210 to 262 months. Warren alleges that the government’s argument constituted breach of the plea agreement, in which the government agreed not to file an information pursuant to 21 U.S.C. § 851.[8] Warren’s argument confuses the issue.
It is irrelevant to the breach of plea agreement analysis that the government disagreed with Warren’s argument. Warren argued for the application of a powder cocaine Guidelines range. The point of reference here is the undisputed sentencing range applicable to Warren’s crack cocaine offense. See United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir. 1991) (“[A] § 851(a)(1) notice is required only where the statutory minimum or maximum penalty under Part D of Title 21 is sought to be enhanced, not where a defendant, by virtue of his criminal history, receives an increased sentence under the Sentencing Guidelines within the statutory range.”).[9] Warren concedes that the gov *188 ernment did not file an information under section 851 to increase the crack cocaine sentence based upon prior convictions. Finally, as a factual matter, the District Court sentenced Warren to 248 months, below the recommended range.
We, therefore, conclude that Warren’s assertion of the government’s breach of the plea agreement is meritless. Accordingly, we will enforce the appellate waiver provision of the agreement and dismiss this claim. Plea Agreement § A.8, ECF No. 55.
III.
For the reasons stated above, we will affirm the order of the District Court denying Warren’s motion to suppress, and we will dismiss the remaining breach of plea agreement issue.

. "This Court reviews the District Court’s denial of a motion to suppress for clear error as to the underlying factual findings and exercises plenary review of the District Court's application of the law to those facts.” United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2002).

. The warning at issue in Prysock was the following. The suspect had “the right to talk to a lawyer before you are questioned, have him present with you while you are being questioned, and all during the questioning. ...” Prysock, 453 U.S. at 356, 101 S.Ct. 2806. In Duckworth, the police said the following. “[Y]ou have a right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning.” Duckworth, 492 U.S. at 198, 109 S.Ct. 2875 (italics omitted).

. The Court also concluded that these words responded merely to a typical question that a suspect might have after receiving a Miranda warning: when might counsel be appointed? Id. at 1204 (citing Duckworth, 492 U.S. at 204, 109 S.Ct. 2875).

. We are aware that the Federal Bureau of Investigation has changed its warning to state that the person in custody has the right to counsel before any questions are asked and also to have counsel present during questioning. Powell, 130 S.Ct. at 1206. However, as the Powell Court stated, "[tjhis advice is admirably informative, but we decline to declare its precise formulation necessary to Miranda’s requirements.” Id.

. See United States v. Frankson, 83 F.3d 79, 82 (4th Cir.1996). ("Given the common sense understanding that an unqualified statement lacks qualifications, all that police officers need do is convey the general rights enumerated in Miranda.”); U.S. v. Caldwell, 954 F.2d 496, 502 (8th Cir.1992), cert. denied, 506 U.S. 819, 113 S.Ct. 65, 121 L.Ed.2d 32 (1992)("When the only claimed deficiency is that of generality, the teaching of Duck-worth that we are not construing a will or defining the terms of an easement convinces us that we cannot hold the warning in this case amounts to plain error.”); United States v. Adams, 484 F.2d 357, 361-362 (7th Cir. 1973) (The warning was sufficient in which officers stated that the suspect had "the right to remain silent, right to counsel, and if they haven’t got funds to have counsel, that the court will see that they are properly defended.”).

. In determining whether the Government has breached its plea agreement with a defendant, we apply the de novo standard of review. United States v. Rivera, 357 F.3d 290, 293-94 (3d Cir.2004).

. The plea agreement stipulates the following. “JERMAIN ANTWON WARREN and the United States Attorney further understand and agree to the following: 1. The penalty that may be imposed upon JERMAIN ANT-WON WARREN is: (a) A term of imprisonment of not less than ten years to a maximum of life....” Plea Agreement § C.l.(a), ECF No. 55. Moreover, at oral argument Warren conceded that the Guidelines range of 292 to 365 months was applicable to the crack cocaine offense.

. “The United States Attorney agrees not to file an information, pursuant to 21 U.S.C. § 851, stating prior convictions as a basis for increased punishment.” Plea Agreement § B.4., ECF No. 55.

. At the sentencing hearing, the District Court considered and rejected Warren's request to use the powder cocaine Guidelines range as the basis to calculate the sentence, stating "even if it were correct, I would consider it under these circumstances to be substantially inadequate, given this Defendant’s back *188 ground.” Sentencing Hearing 39, ECF No. 73. The District Court, instead, determined that the disparity between sentencing for crack cocaine and powder cocaine was appropriately considered, within the District Court’s discretion under 18 U.S.C. § 3553(a), as one of a “constellation of factors” to support a mitigative variance from the Guidelines range. Id. at 38.