JUSTICE HOOD,
dissenting.
¶26 Just beneath the surface of the majority’s decision lurks a national debate about Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that the majority ignores: whether Miranda’s third warning — regarding the right to an attorney— must expressly include words that mean “before or during interrogation.”
¶27 For the majority, it is enough that the warnings here contained no express temporal limitation on the right to an attorney. But as several federal circuit courts see it, Miranda requires more, and I agree. Miranda teems with language conveying that the police must clearly advise a suspect that he has the immediate right to the presence of an attorney. The warning at issue here did not meet that affirmative obligation.
¶28 And contrary to the majority’s analysis, the detective’s trivializing of the Miranda warnings did not serve to somehow enhance the effectiveness of the oral, bare-bones advisement she provided. Instead, labeling that advisement a “formal little rights thing[]” rendered it even more perfunctory and seems to have been intended to lull Carter into complacency. Perhaps more troubling, this minimizing of constitutional prerogatives was the product of instruction. The detective did as she was trained to do. And in so doing, she abandoned a stock Aurora Police Department written advisement that makes abundantly clear when the right to counsel attaches.
¶29 Because Miranda requires that a person subjected to custodial interrogation be advised of when he has a right to a lawyer, I respectfully dissent as to Part II of the majority opinion.
I. Miranda Requires that the Warnings Include a Temporal Component
¶30 When we consider Miranda, we consider deeply entrenched constitutional law, not some bureaucratic formality. See Dickerson v. United States, 530 U.S. 428, 444, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) (concluding Miranda states a constitutional rule). Miranda is, of course, firmly tethered to the Fifth Amendment, which provides in pertinent part that “[n]o person ... shall be compelled in any criminal case to be a witness against himself.” U.S. Const, amend. V. This privilege against self-incrimination applies to the states through the Due Process Clause of the Fourteenth Amendment. See Malloy v. Hogan, 378 U.S. 1, 8-10, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). Because the coercion inherent in custodial interrogation by law enforcement can render this foundational privilege more than a little shaky at times, the Miranda Court established a set of prophylactic warnings to shore it up.
¶31 Before a person in custody is questioned by the government, he must be given four warnings about his Fifth Amendment rights. Miranda, 384 U.S. at 478-79, 86 S.Ct. 1602. As Miranda summarized,
He must be warned prior to any questioning [1] that he has the right to remain silent, [2] that anything he says can be used against him in a court of law, [3] that he has the right to the presence of an attorney, and [4] that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.
Id. at 479, 86 S.Ct. 1602.
¶32 According to at least four federal circuits, Miranda compels that the third warning expressly include, in some form, the right to have an attorney present before and during the interrogation.[1] And not without good reason. After all, the Court in Miranda said:
*132 • “[W]e hold that an individual held for interrogation must be clearly informed that he has the right to consult .with a lawyer and to have the lawyer with him during interrogation....” Id. at 471, 86 S.Ct. 1602 (emphasis added).
• “[T]he right to have counsel present at the interrogation is indispensable to the protection of the Fifth Amendment privilege,...” Id. at 469, 86 S.Ct. 1602 (emphasis added).
,• “[T]he' need for counsel to protect the Fifth Amendment privilege comprehends not merely a right to consult with counsel prior to questioning, but also to have counsel present during any questioning if the defendant so 'desires.” Id. at 470, 86 S.Ct. 1602 (emphasis added).
Even when the Court summarized the rights for brevity, it used the phrase “presence of an attorney,” id. at 444, 479, 86 S.Ct. 1602 (emphasis added), implicitly linking the attorney’s physical presence to the time of the interrogation. This conclusion also finds voice in one of the leading treatises on criminal procedure, 2 Wayne R. LaFave et al., Criminal Procedure § 6.8(a) (4th ed. 2015) (“Under Miranda, it is necessary that these warnings cover the right to appointed counsel and' the immediacy of the right in the sense that it exists both before and during interrogation”).
¶33 But as the majority and several other federal circuits see things, a general warning about the right to counsel suffices so long as the warning contains'no temporal limitation.[2] Maj. op. ¶ 14. The majority emphasizes that Miranda allows flexibility- of form and requires no “talismanic incantation.” Id. at ¶ 12 (quoting California v. Prysock, 453 U.S. 355, 359, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981)). It points out that the “inquiry is- simply whether the warnings ‘reasonably convey to a suspect his rights as required by Miranda.’ ” Id. (quoting Florida v. Powell, 559 U.S. 50, 60, 130 S.Ct. 1195, 175 L.Ed.2d 1009 (2010)).
¶34 Still, the majority appears to recognize that the substance Miranda requires includes conveying the right to have a lawyer present before and during interrogation. Id. at ¶ 13 (“[I]t seems clear that a person must be informed of ... his right to consult with counsel and have counsel with him during any interrogation.... ”). But it finds that substance satisfied by language that contains no equivalent of “present before or during interrogation.”
¶35 In so doing, the majority allows a general flexibility of form to overcome a specific deficiency of substance — an approach Miranda forbids. Although Miranda -mandates no talismanic incantation, it -does require certain substance, including a temporal component with respect to the right to counsel. See supra ¶ 32. Further, it requires that substance to be specifically articulated, not left to be inferred by a suspect from ambiguous language or context, The Court explained that the suspect “must be clearly informed” of his rights, Miranda, 384 U.S. at 471, 86 *133 S.Ct. 1602, because “only by effective and express explanation” of those rights to the suspect “can there be assurance that he was truly in a position to exercise [them],” id. at 473, 86 S.Ct. 1602. Also, “[n]o amount of circumstantial evidence that the person may have been aware of [the right to counsel] will suffice” in the absence of sufficient express warnings. Id. at 471-72, 86 S.Ct. 1602. So, while the police may vary the words they use to convey the necessary substance, they may not omit the substance.
¶36 The majority seems to read Miranda’s progeny—Powell, Duckworth v. Eagan, 492 U.S. 195, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989), and Prysock — as relaxing Miranda’s requirement that the necessary substance of the warnings be expressly stated. I disagree.
¶37 To begin with, none of those cases involved Miranda warnings that omitted a necessary part of Miranda’s substance — including, as particularly pertinent here, the temporal component of the right.to counsel. Duckworth and Prysock concerned warnings that included the required substance but contained verbiage (or in the case of Prysock, a reordering of the substance) that threatened to — -but ultimately were held not to — limit the necessary substance. Duckworth, 492 U.S. at 203-05, 109 S.Ct. 2875; Prysock, 453 U.S. at 361, 101 S.Ct. 2806. The advisements in all three cases included an express temporal component. Powell, 559 U.S. at 54, 130 S.Ct. 1195 (“You have the right to talk to a lawyer before answering any of our questions .... You have the right to use any of these rights at any time you want during this interview.”); Duckworth, 492 U.S. at 198, 109 S.Ct. 2875 (“You have a right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning.” (emphasis omitted)); Prysock, 453 U.S. at 356, 101 S.Ct. 2806 (‘You have the right to talk to a lawyer before you are questioned, have him present with you while you are being questioned, and all during the questioning.”).
¶38 True, Powell upheld a set of warnings that did not expressly reference the right to counsel during interrogation. But those same warnings contained other words that conveyed the timing and immediacy of the rights, and nothing in Powell suggested that such words could be entirely omitted. In fact, the .Powell majority took care to specifically reject the dissent’s charge that it was approving a warning that “entirely omitted” Miranda’s before-or-during requirement. Powell, 559 U.S. at 62, 130 S.Ct. 1195. It did so by highlighting the language contained in the warnings that was the equivalent of “before or during interrogation.” See id. (“They informed Powell that he had ‘the right to talk to a lawyer before answering any of [their] questions’ and ‘the right to use any of [his] rights at any time [he] want[ed] during th[e] interview.’ ” (alterations in original)).
¶39 In the end, Powell reaffirmed Miranda’s rule that the third warning must contain a “before or during interrogation” piece, or its equivalent. Indeed, Powell labeled the temporal language “information Miranda required [the officers] to impart.” Id. at 62, 130 S.Ct. 1195.
II. The Warnings Carter Received Were Inadequate ‘
¶40 The detective gave Carter the following advisement:
Since you’re in custody, before I can even talk to you I have to do the formal little rights things, okay? So you have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to have an attorney. If you cannot afford to hire a[n] attorney, one will be appointed to you without cost. Do you understand those?
⅜41 These warnings failed to “reasonably ‘convey to [Carter] his rights as required by Miranda.’ ” Powell, 559 U.S. at 60, 130 S.Ct. 1195 (quoting Duckworth, 492 U.S. at 203, 109 S.Ct. 2875). This is because they did not “clearly inform[ ]” him that he had “the right to consult with a lawyer and to have the lawyer with him during interrogation.” Miranda, 384 U.S. at 471, 86 S.Ct. 1602. The right “to have an attorney” is left ambiguous. When does the right attach? At the time of the advisement? Upon the filing of charges? In court? Carter had no way of knowing, based on the advisement he received.
*134 ¶42 The majority suggests that the detective implied the right could be exercised before interrogation when she said, “[Bjefore I can even talk to you I have to do the formal little rights things.” See Maj. op. ¶ 15. But it strains credibility to say the detective’s obfuscation helped Carter understand his rights. The detective was not saying, ‘You can exercise your rights before I talk to you, so listen up.” She was essentially saying, “There’s an administrative formality that must occur before I speak with you, so bear with me for a moment, and then we can talk.” Nothing about this effort to minimize the Miranda rights helped clearly communicate that Carter had the right to counsel before and during interrogation.
¶43 Sadly, the detective’s downplaying of Miranda is representative of a larger, even institutional effort to prevent the Miranda advisement from causing suspects to exercise their rights. The detective testified that she stopped using a written Miranda advisement form after attending a training, in which the first “key point” in the Miranda materials explained, “The goal is to ‘Minimize’ the impact of Miranda on the interview.” The Aurora Police Department’s written advisement form[3] includes three different references to the timing and immediacy of the rights:
• You have the right to remain silent.
• Anything you say can and will be used against you in a court of law.
• You have the right to talk to a lawyer and have him present with you while you are being questioned.
• If you cannot afford to hire a lawyer, one will be appointed to represent you before questioning, if you wish.
-• You can decide at any time to exercise these rights and not answer any questions or make any statements.
(Emphasis added.) Given the goal of minimizing Miranda’s impact, it should come as no surprise that when the detective switched to an oral advisement, none of the temporal references made the cut. The Powell Court seems to have misjudged the police, at least here, when it dismissed concerns that, “hoping to obtain uninformed waivers, [they would] be tempted to end-run Miranda by amending their warnings to introduce ambiguity.” See Powell, 559 U.S. at 63, 130 S.Ct. 1195.
¶44 We should discourage such efforts to undermine Miranda. See Missouri v. Seibert, 542 U.S. 600, 617, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004) (prohibiting an interrogation tactic that “effectively threatens to thwart Miranda’s purpose of reducing the risk that a coerced confession would be admitted”). Yet when the majority uses the detective’s intentional minimization to justify upholding the warnings provided here, it takes us in exactly the opposite (Erection.
III. Conclusion
¶45 Because the warning about the right to counsel failed to clearly communicate that Carter had the right to counsel before and during interrogation, Carter’s testimony was inadmissible. See Miranda, 384 U.S. at 471, 86 S.Ct. 1602 (“[T]his warning is an absolute prerequisite to interrogation.”). Therefore, I respectfully dissent.
I am authorized to state that JUSTICE GABRIEL joins in this dissent.

. See United States v. Tillman, 963 F.2d 137, 140-41 (6th Cir. 1992) (holding advisement about "the right to the presence of an attorney if [defendants] wish” was inadequate, in part because "the police failed to convey to defendant that he had the right to an attorney both before, during and after questioning"); United States v. Noti, 731 F.2d 610, 615 (9th Cir. 1984) ("The *132 right to have counsel present during questioning is meaningful. Advisement of this right is not left to the option of the police; it is mandated by the Constitution.”); United States v. Oliver, 421 F.2d 1034, 1037-38 (10th Cir. 1970) (holding warning that suspect “had the right to an attorney” was inadequate because it did not include temporal component); Atwell v. United States, 398 F.2d 507, 510 (5th Cir. 1968) ("The advice that the accused was entitled to consult with an attorney, retained or appointed, 'at anytime’ does not comply with Miranda's directive ‘that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation.’ ’’ (quoting Miranda, 384 U.S. at 471, 86 S.Ct. 1602)).

. United States v. Warren, 642 F.3d 182, 185 (3d Cir. 2011) (''[fit cannot be said that the Miranda court regarded an express reference to the temporal durability of this right as elemental to a valid warning,’’); United States v. Frankson, 83 F.3d 79, 82 (4th Cir. 1996) ("Given the common sense understanding that - an unqualified statement lacks qualifications, all that police officers need do is convey the general rights enumerated in Miranda.”); United States v. Caldwell, 954 F.2d 496, 502 (8th Cir. 1992) ("When the only claimed deficiency is that of generality, the teaching of Duckworth that we are not construing a will or defining the terms of an easement convinces us that we cannot hold the warning in this case amounts to plain error.’’); United States v. Lamia, 429 F.2d 373, 376-77 (2d Cir. 1970) (upholding warning where suspect “had been told without qualification that he had tire right to an attorney and that one would be appointed if he could not afford one”).

. This form was admitted as an exhibit at the suppression hearing.