NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-3796 & 18-3805
_____

UNITED STATES OF AMERICA

v.

QUINYAHTA ROCHELLE,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2-17-cr-00277-001 and 2-18-cr-00117-001)
District Judge:  Hon. Arthur J. Schwab
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 13, 2020

Before:  JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges.*

(Filed: January 16, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Quinyahta Rochelle pled guilty to a number of crimes, including aggravated identity theft, hacking, and unlawful possession of a firearm by a felon. As part of her plea, she waived her right to appeal and the government agreed to recommend an acceptance-of-responsibility reduction in her sentence and also to file a section 5K1.1 letter if, and only if, she acted in a manner meriting those concessions. But Rochelle continued her criminal career even after pleading guilty. The government thus declined to give her the benefit of either the sentencing recommendation or the 5K1.1 letter. Rochelle now appeals and seeks to withdraw her guilty plea. Because the government did not violate the terms of the plea agreement, this appeal is barred by the appellate waiver to which Rochelle assented. We will accordingly dismiss the appeal.

## I.    BACKGROUND

In October of 2017, a grand jury indicted Rochelle for being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). Some months later, the government filed a five-count information stating a laundry list of additional charges against Rochelle, including wire fraud and aggravated identity theft. Shortly after the government filed the information, Rochelle agreed to plead guilty to all of the charges in the information and to the firearms charge in the previous indictment.

The terms of her plea were governed by a written plea agreement containing three provisions relevant here. First, the government "agree[d] to recommend a two level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one level adjustment." (App. at 24.) But the

2

government reserved the right to decline to make that recommendation if Rochelle

"act[ed] in a manner inconsistent with acceptance of responsibility[.]" (*Id*.) Second, ███



Third, and finally,

Rochelle "waive[d] the right to take a direct appeal from her conviction or sentence under

28 U.S.C. § 1291 or 18 U.S.C. § 3742" unless the government appealed or her sentence

exceeded the statutory maximum or advisory guidelines range. (App. at 24.) Rochelle

and her attorney both signed the plea agreement, and Rochelle represented to the Court

that she had reviewed it and understood its full contents. The Court accepted her plea

and set sentencing for November 2018.

It soon emerged, however, that Rochelle (who had been free on bond pending

sentencing) had been committing additional crimes, including after she had signed the

plea agreement. Law enforcement officers came to believe that Rochelle obtained stolen

credit card information, made fraudulent purchases with that information, and shared the

information with others. She was ultimately charged in a criminal complaint and

subsequently indicted on criminal charges stemming from that conduct. That case

remains pending.

After Rochelle was charged with new criminal conduct, the government indicated

that it would no longer support her receiving an acceptance-of-responsibility reduction

under U.S.S.G § 3E1.1.  The District Court then made a tentative ruling that Rochelle would not be entitled to such a reduction.  That ruling prompted Rochelle, just six days before sentencing was scheduled, to attempt to withdraw her guilty plea.  The government opposed the motion, and the District Court denied it, noting that Rochelle had not asserted her innocence and that the government's decision not to support the acceptance of responsibility reduction was an insufficient reason to allow her to withdraw the plea.

During the sentencing hearing, the Court confirmed that Rochelle was not entitled to any reductions for acceptance of responsibility.  The government also noted that it had not filed a letter under section 5K1.1 because of Rochelle's ongoing criminal conduct.  The Court sentenced Rochelle to 116 months in prison, followed by three years of supervised release.

She now appeals.

## II.    DISCUSSION[1]

We will uphold a knowing and intelligent appellate waiver unless it "work[s] a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001).[2]  A defendant can also free herself of a guilty plea and appellate waiver if the government

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  But we will not exercise that jurisdiction if we conclude that an appellate waiver is valid.  *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).

[2] Rochelle does not argue that her plea was not knowing and intelligent.  Nor could she.  The record demonstrates that the District Court thoroughly advised her of her rights, and that she had spoken to her lawyer about the plea as well.

breaches the terms of the plea agreement. *United States v. Schwartz*, 511 F.3d 403, 405 (3d Cir. 2008); *see also United States v. Moscahlaidis*, 868 F.2d 1357, 1363 (3d Cir. 1989) (holding that if the government breaches the plea agreement, the District Court can either order specific performance of the agreement or allow withdrawal of the plea). There is no miscarriage of justice here. And because the government adhered to the terms of the agreement, this appeal is barred by the appellate waiver.

## A. Enforcing the Plea Would Not Work a Miscarriage of Justice

Invalidating an appellate waiver on the basis that it would work a miscarriage of justice is appropriate only in "unusual circumstance[s.]" *Khattak*, 273 F.3d at 562. And there is no basis to conclude that such circumstances are present in this case. This was a standard guilty plea resulting in a sentence within the guidelines range. Rochelle has not made the slightest showing that enforcing the plea would result in a miscarriage of justice. There is, in short, no reason to invalidate the waiver.

## B. The Government Did Not Breach the Terms of the Agreement[3]

"A defendant's appellate waiver is not enforceable if the government breaches its own obligations under a plea agreement." *Schwartz*, 511 F.3d at 405. "When assessing whether a plea agreement has been breached, we first identify the terms of the agreement and the government's alleged improper conduct, and next determine whether the government has violated its obligations under that agreement." *United States v. Thung Van Huynh*, 884 F.3d 160, 165-66 (3d Cir. 2018) (internal quotation marks and citation

---

[3] Whether the government breached a plea agreement is a question of law subject to plenary review. *United States v. Warren*, 642 F.3d 182, 187 n.6 (3d Cir. 2011).

5

omitted). The "core question" is "whether the government's conduct [was] inconsistent with what was reasonably understood by the defendant when entering the plea of guilty." *Id*. (alteration in original) (citation omitted).

Rochelle asserts that the government breached its obligations in two ways – first, by declining to recommend the acceptance-of-responsibility reduction, and second, by declining to file a 5K1.1 letter. Neither of her arguments has merit.

1. Rochelle's Continuing Criminal Activity Demonstrated That She Did Not Accept Responsibility for Her Actions

The government's agreement to recommend a downward departure for acceptance of responsibility was explicitly conditioned on Rochelle behaving "in a manner []consistent with acceptance of responsibility[.]" (App. at 24.) We have previously stated that "[c]ontinual criminal activity . . . is inconsistent with an acceptance of responsibility[.]" *United States v. Ceccarani*, 98 F.3d 126, 130 (3d Cir. 1996). Rochelle was thus on notice that additional criminal conduct would negate the government's obligation to recommend a downward departure under section 3E1.1. The government's decision to oppose the reduction was entirely in keeping with the terms of the agreement.

Rochelle also argues that the additional criminal conduct may have occurred before the crimes to which she pled guilty and thus it was inappropriate to consider it in assessing acceptance of responsibility. The District Court, however, found that the conduct occurred after her initial crimes and her guilty plea. We review such a factual finding for clear error. *United States v. Moscahlaidis*, 868 F.2d at 1360. There was no such error here; the conclusion is amply supported by the record.

6

2. <u>Declining to File a Section 5K1.1 Letter Was Within the Government's Discretion</u>

When a plea agreement mentions a 5K1.1 letter, we examine whether the government's refusal to file such letter was in good faith. *United States v. Isaac*, 141 F.3d 477, 483 (3d Cir. 1998). Where the defendant "has alleged neither bad faith nor unconstitutional motive on the part of the government," and where the government "acted within the terms of the agreement in not seeking the departure," the government's exercise of its discretion will not be disturbed. *United States v. Swint*, 223 F.3d 249, 253 n.5 (3d Cir. 2000). We determine the scope of the terms of the agreement through traditional principles of contract interpretation. *Id*. at 252-53.

Here, there is no doubt that the government's refusal to file the letter was in good faith. ███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Based on evidence of Rochelle's additional crimes, the government was clearly within its rights under the agreement to decline to file the 5K1.1 letter. ████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Consistent with that straightforward analysis, we have previously upheld the government's right to condition the filing of a 5K1.1 letter on the defendant's good behavior. *See Schwartz*, 511 F.3d at 406 (allowing the government to "withdraw a

downward departure motion when a defendant agrees not to violate the law and the written plea agreement reserves to the government the right to withdraw the motion upon that occurrence"). The government's actions here were within the scope of the plea agreement and consistent with our precedent.[4]

## III. CONCLUSION

For the foregoing reasons, we will enforce the appellate waiver and dismiss the appeal.

---

[4] Rochelle's remaining arguments deal exclusively with the merits of the District Court's sentence and rulings. We thus decline to consider them.